1

2

3    IN THE UNITED STATES DISTRICT COURT

4    FOR THE NORTHERN DISTRICT OF CALIFORNIA

5

6    CLETE REO HART, P82312,                    )
                                                )
7              Plaintiff(s),                    )    No. C 14-0920 CRB (PR)
                                                )
8        vs.                                    )    ORDER OF DISMISSAL
                                                )
9    P. MILINER, et al.,                        )
                                                )
10             Defendant(s).                    )
     _____        )

11

12          Plaintiff, a prisoner at Salinas Valley State Prison and frequent litigant in

13    federal court, filed a pro se complaint under 42 U.S.C. § 1983 alleging improper

14    deprivation of administrative appeals and legal process.   He also sought to

15    proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

16          Per order filed on April 24, 2014, the court found that 28 U.S.C. § 1915(g)

17    bars plaintiff from proceeding IFP in this action because plaintiff: (1) has had

18    three or more prior prisoner actions dismissed by a federal district court on the

19    grounds that they are frivolous, malicious, or fail to state a claim upon which

20    relief may be granted; and (2) does not appear to be seeking relief from a danger

21    of serious physical injury which is imminent at the time of filing.  Docket #6 at 2

22    (citing cases).

23          Pursuant to the law of the circuit, plaintiff nonetheless was afforded an

24    opportunity to persuade the court that § 1915(g) does not bar pauper status for

25    him.  Id. (citing Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005)).  The

26    court gave plaintiff 30 days to "show cause why § 1915(g) does not bar pauper

27    status for him," and explained that "[f]ailure to show cause, or pay the requisite

28    $ 400.00 filing fee, within the designated time will result in the dismissal of this

action without prejudice to [his] bringing it in a new paid action." Id. at 2-3.

Plaintiff has responded by filing a letter in which he asserts that he was "heavily medicated" when he filed most the 2005 and 2006 cases now deemed "strikes," and that at that time, "in the early 2000's," he was "definitely 'under imminent danger' . . . of 'serious physical injury'" because he was "assaulted more than five times." Docket #7 at 1, 3.  Unfortunately for plaintiff, that he  may have been medicated at the time that he filed the 2005 and 2006 cases now deemed "strikes" does not excuse the fact that he filed three or more prior prisoner cases dismissed by a federal district court on the grounds that they are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," 28 U.S.C. § 1915(g).  After all, plaintiff's proposed excuse – being heavily medicated in 2005 and 2006 – seems hardly persuasive when plaintiff now – presumably no longer heavily medicated – again is trying to file many of the same cases previously dismissed as frivolous, malicious or for failure to state a claim.  And that plaintiff may have been under imminent danger of serious physical injury in the early 2000's in no way shows that in this action he is seeking relief from a danger of serious physical injury which was imminent at the time of filing.  See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).

In sum, plaintiff has not shown in his response to the court's order to show cause, or anywhere else, that § 1915(g) does not bar pauper status for him in this prisoner action.  Plaintiff's instant prisoner action accordingly is DISMISSED without prejudice to bringing it in a new paid action.

The clerk shall enter judgment pursuant to this order and close the file.

SO ORDERED.

DATED:   May 9,  2014

_____
CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.14\Hart, C.14-0920.dismissal.3strikes.wpd